IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SHAUNA M. MOTE; et al, | File No. 2:16-cv-11546-DML-EAS |
| Plaintiffs, | Honorable David M. Lawson |
| v | |
| CITY OF CHELSEA, et al, | Elizabeth A. Stafford<br>Magistrate Judge |
| Defendants. | CLASS ACTION |

CITY OF CHELSEA,

    Third Party Plaintiff,

v

WASHTENAW COUNTY ROAD COMMISSION,

    Third Party Defendant.

## AMENDED THIRD PARTY COMPLAINT BY CITY OF CHELSEA AGAINST THE WASHTENAW COUNTY ROAD COMMISSION

NOW COMES the CITY OF CHELSEA by its attorneys and for its Amended Third Party Complaint says:

1. The Third Party Plaintiff, CITY OF CHELSEA [hereafter "CITY"] is a Michigan City with a population of approximately 5,000 people and a land area approximately three (3) square miles with its principal offices at 305 South Main Street, Suite 100, Chelsea, Michigan 48118, telephone (734) 475-1771.

2. That the Third Party Defendant, WASHTENAW COUNTY ROAD COMMISSION [hereafter "WCRC"], is a Michigan Road Commission exercising jurisdiction over the county road system of Washtenaw County under the authority of the Michigan Highway Act, MCL 220.1 et seq, and maintains its principal offices at 555 North Zeeb Road, Ann Arbor, Michigan 48103, telephone (734) 761-1500.

3. That the subject of this Third Party Complaint is an Amended complaint filed in this matter by Shauna M. Mote, et al, Plaintiffs, v City of Chelsea, Michigan Department of

1

Transportation, et al, Defendants, a copy of which is attached hereto.

4. That the CITY is bisected by two (2) main highways, State Route M-52, which is under the jurisdiction of the Michigan Department of Transportation [hereafter "MDOT"], and County Road Old US 12, which is under the control and jurisdiction of the Washtenaw County Road Commission [hereafter "WCRC"], who exercises its authority under Public Act 283 of 1909, as amended, the Michigan General Highway Law, MCL 220.1 et seq.

5. The WCRC has exercised its jurisdiction over County Road Old US 12 exclusively of any control by the CITY by doing the following among other things: Establishing a 45 mile an hour speed limit throughout the City of Chelsea, despite objection by the CITY; paving Old US 12 roadway and intersections, and maintaining the same; constructing sidewalks and pedestrian crosswalks; issuing permits for the construction of sidewalks and curb cuts, and curb ramps for pedestrians; issuing permits to various public and private developments within the City of Chelsea along said County Road Old US 12.

6. The Plaintiffs, SHAUNA M. MOTE; et al, have alleged several violations of the <u>Americans with Disabilities Act</u> [hereafter ADA], stating among other things that:

  a. People with mobility impairments who use wheelchairs or other adapted aid can not use the streets and walks within the boundaries of the City of Chelsea including County Road Old US 12because they are not readily accessible.

  b. That services, programs, activities and facilities within the borders of the City of Chelsea are not readily accessible, including those on County Road Old US 12.

  c. That curb cuts and other accommodations have not been made when required by ADA, including those on County Road Old US 12.

  d. That streets, highways, and roads, including Old US 12, have been resurfaced without the installation of proper curb cuts and ramps, that the curb cuts and ramps have been replaced or removed without proper installation.

  e. Specifically with respect to Old US 12, that the activities, services, programs, parades

and gatherings associated with the Chelsea Community Fair which is located and fronts upon Old US 12 is not accessible as required by the ADA [see § 17, 45, 46, 52, and 77 of said Amended Complaint].

7. That the CITY has only constructed two (2) pedestrian crossings in Old US 12, both under permits from the WCRC. The Plaintiffs have alleged that one (1) of the permitted crossings was not built in compliance with the ADA [see § 45 of Plaintiffs' Amended Complaint].

8. Otherwise WCRC has constructed all cross walks on County Road Old US 12. Plaintiffs allege that throughout the CITY curb cuts and curb ramps are required whenever any resurfacing was done since January 26, 1992, and that the entity that has done the resurfacing is required to install the necessary curb cuts and curb ramps. [See §§ 41-46 of Plaintiffs' Amended Complaint.]

9. WCRC has many times resurfaced and improved Old US 12 through the City of Chelsea and exercised jurisdiction over sidewalks and crossings but it has failed to install at least eight (8) curb cuts and pedestrian crossings in violation of the ADA, as alleged by the Plaintiffs.

10. That Plaintiffs did not add WCRC as a Defendant to their Amended Complaint but by their general allegations sought to require the CITY to assume the liability of improvements, installations, and construction which should have been done by WCRC.

11. If the Plaintiffs are entitled to declaratory and injunctive relief as requested to bring services, programs, and activities into compliance with ADA a significant part of such relief is attributed to the actions and omissions of the WCRC with respect to County Road Old US 12.

12. That if the Plaintiffs are correct in their allegations with respect to County Road Old US 12, then the WCRC is a public entity which has built or altered a part of facility after January 26, 1992, and had a duty to the maximum extent possible to make properties and access along County Road Old US 12 readily accessible to and usable by individuals with disabilities under 42 USC 12132; 28 CFR § 35.151 (a), (b), and (i).

13. It would be inequitable for this Court to grant relief against the City of Chelsea with

respect to conditions along County Road Old US 12 which is not under the jurisdiction or control of the CITY.

14. With respect to County Road Old US 12, the WCRC is a local government unit within the meaning of the Rehabilitation Act of 1973, 29 USC 794, and its subsections.

15. That the WCRC is a unit of government within the meaning and application of the Michigan Persons with Disabilities Civil Rights Act, MCL § 37.1301 et seq.

16. That the Plaintiffs have alleged generally that all streets, highways and roads within the City of Chelsea because of the alleged lack of curb cuts and crossings in compliant with the ADA violate both the said Rehabilitation Act and the Michigan Disabilities Civil Rights Act.

17. To the extent that the Plaintiffs are entitled to declaratory and injunctive relief and an award of reasonable attorney fees, the WCRC is the entity responsible to comply with such relief and obligated to pay such attorney fees and costs rather than the CITY with respect to County Road Old US 12.

WHEREFORE, Third Party Plaintiff, CITY OF CHELSEA, prays for the following relief against the Third Party Defendant, WCRC, that to the extent an order or judgment is entered in this matter under the ADA, § 504 of the Rehabilitation Act, or under the Michigan Persons with Disabilities Civil Rights Act, that the WCRC is the proper party to respond to such orders and judgments, and not the CITY, with respect to County Road Old US 12, its sidewalks, curb cuts, curb slopes, and pedestrian crossings either existing or required to be installed; and to the extent that the Plaintiffs are granted relief with a declaration that services, programs, activities, and facilities available via County Road Old US 12 is under the jurisdiction of the Defendant, WCRC, and not the CITY, and that further construction of said street, road, highway, adjacent sidewalks, and street level pedestrian walkways be done in a manner which does not discriminate against the Plaintiffs; and if an injunction is entered with respect to access barriers on County Road Old US 12 that the injunction be directed solely to the WCRC, and to the extent that actual and reasonable attorney fees, costs of litigation is ordered in this matter with respect to activities along County Road Old US 12, that such

be directly solely to the WCRC and not the CITY; and grant the CITY such other and further relief to which it is entitled in equity and good conscience.

                                              KEUSCHFLINTOFT, P.C.
                                              Attorneys for Defendant, and
                                                    Third Party Plaintiff, City of Chelsea

BY: _____
                                      PETER C. FLINTOFT, (P-13531)

Dated: August 5, 2016           119 South Main Street, Chelsea, MI 48118
                                                    Telephone: (734) 475-8671
                                                    flintoft@keuschlaw.com

---

## CERTIFICATE OF SERVICE.

I hereby certify that on August 5, 2016, I electronically filed the City of Chelsea Third party complaint and related papers with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

    J. Mark Finnegan [P-68050]
    and
    Denise M. Heberle [P-64145]
    HEBERLE & FINNEGAN, PLLC
    Attorneys for Plaintiffs
    2580 Craig Road
    Ann Arbor, Michigan 48103
    hffirm@comcast.net

    Kenneth V. Klaus [P-42509]
    Attorney for Plaintiffs
    8540 North Lucas Road
    Manton, Michigan 49663-9006
    klauskenneth@yahoo.com

    Michael J. Dittenber [P-72238]
    Assistant Michigan State Attorney General
    425 West Ottawa Street
    P.O. Box 30050
    Lansing, Michigan 48909-7550
    dittenberm@michigan.gov

                                    _____
                                    Peter C. Flintoft
                                    KEUSCHFLINTOFT, P.C.
                                    119 South Main Street
                                    P.O. Box 187
                                    Chelsea, Michigan 48118
                                    Telephone: (734)475-8671
                                    Fax: (734)475-1622
                                    flintoft@keuschlaw.com
Dated: August 5, 2016           P-13531